UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 FEB -6 PM 2: 54

| | | |
|---|---|---|
| GENE JINELL KERSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 01-BU-114-S |
| | ) | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE, | ) ) ) ) | ENTERED<br>FEB 0 6 2001 |
| Defendant. | ) | |

## Memorandum Opinion

In the above-styled action, Plaintiff Gene Jinell Kersh filed a pro se amended complaint on January 24, 2001, in which he claims that Defendant United States Department of the Air Force ("Air Force") violated his rights under the United States Constitution. (Doc. No. 4). Plaintiff seeks damages and injunctive relief. The Court concludes that Plaintiff's constitutional claims are frivolous and are due to be DISMISSED. However, the Court concludes that the allegations of Plaintiff's amended complaint suggest that he may have at least an arguable claim that the Air Force violated his rights under the Privacy Act, 5 U.S.C. § 552a et seq. (2000), by disclosing the record of his non-judicial punishment, imposed pursuant to Article 15 of the Uniform Code of Military Justice ("UCMJ"), to third parties, particularly the Federal Bureau of Investigation ("FBI"). 5 U.S.C. § 552a(b). The Court also

5

concludes that Plaintiff may have stated an arguable claim for injunctive relief based on allegations suggesting that the record of his Article 15 non-judicial punishment may not be lawfully maintained on the criminal history database maintained by the FBI at the National Crime Information Center ("NCIC"). However, because it appears that such database is maintained by the Director of the FBI, Plaintiff must file a second amended complaint, naming the said Director as an additional defendant. When Plaintiff files such second amended complaint, he must also expressly state that his claim for damages against the Air Force is brought pursuant to the Privacy Act, 5 U.S.C. § 552a, and he must again set forth completely the allegations giving rise to his claims and the relief he desires from the Court. Plaintiff must file his second amended complaint within 15 days of the entry of this order.

I.

Plaintiff's amended complaint contains the following allegations: In October 1997, Plaintiff received non-judicial punishment pursuant to Article 15 of the Uniform Code of Military Justice ("UCMJ") while he was serving on active duty for the Air Force in Ramstein, Germany. Plaintiff states that while non-judicial punishment under Article 15 of the UCMJ "carries a serious stigma for military personnel and can affect your [military] career, it does not carry the stigma of a court conviction." Notwithstanding, the Air Force allegedly disclosed the record of his Article 15 punishment and thereby caused his name to be entered into the National Crime Information Center ("NCIC") computerized database maintained by the Federal Bureau of Investigation ("FBI"). As a result of his name's appearance on the NCIC database, Plaintiff alleges, he was denied a concealed weapons permit,

and he was "forced" to leave his home by the Attalla, Alabama, Housing Authority, which caused him to suffer "financial distress." Plaintiff claims that by causing his name to be entered in the NCIC database, the Air Force violated his rights under the Fifth and Sixth Amendments of the United States Constitution. Plaintiff requests that the Air Force be found liable to pay him $25,000 in damages and for this Court to order the Air Force to have his name removed from the NCIC database.

## II.

The Court concludes from its standard initial review of the first amended complaint that Plaintiff's constitutional claims against the Air Force are due to be dismissed. Under the principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Dalm, 494 U.S. 596, 608 (1990) (citation omitted). Because "[s]overeign immunity is jurisdictional in nature," F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994), it may be asserted at any stage of the proceedings, either by the parties or by the court on its own motion. United States v. Bein, 214 F.3d 408, 412 (3rd Cir. 2000); Brown v. Secretary of the Army, 78 F.3d 645, 648 (D.C. Cir. 1996); Bank One, Texas, N.A. v. Taylor, 970 F.2d 16, 34 (5th Cir. 1992). In addition, courts are given discretion to dismiss collusive, sham, or frivolous suits. In re Moog, 774 F.2d 1073, 1076 (11th Cir. 1985) (citing Jefferson 14th Assoc. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir. 1983)). Claims have been deemed "frivolous" for purposes of a sua sponte dismissal where it is clear that the named defendant is immune from suit. Cf. Neitzke v. Williams, 490 U.S. 319, 327 (1989)

(in the context of interpreting former 28 U.S.C. § 1915(d)).

Plaintiff has alleged claims arising under the Fifth and Sixth Amendments to the United States Constitution, but he has alleged such claims against the Department of the Air Force, which, as an arm of the federal government, enjoys sovereign immunity from constitutional tort claims. See Department of Army v. Blue Fox, Inc., 525 U.S. 255 (1999); Meyer, 510 U.S. at 476-77; Clemente v. United States, 766 F.2d 1358 (9th Cir. 1985). It would further appear that Plaintiff attempts to bring his claims against the Air Force as a Bivens[1]-type action, directly under the Constitution. The Supreme Court has held that while such actions may be properly brought against individual federal officials to vindicate constitutional rights in some instances, they cannot be maintained against federal agencies themselves. See Meyer, 510 U.S. at 484-86.

Furthermore, the Court finds Plaintiff's substantive constitutional claims to be without even arguable legal merit. Non-judicial punishment under Article 15 is not the equivalent of criminal punishment or a formal court-martial. See 10 U.S.C. § 815; Middendorf v. Henry, 425 U.S. 25, 31-32 & n.9 (1976); Dumas v. United States, 223 Ct.Cl. 465, 473-74, 620 F.2d 247, 251-52 (1980). Nonetheless, it is clear that neither the Air Force nor any agent thereof violated Plaintiff's constitutional rights by maintaining or disseminating what Plaintiff appears to concede is an accurate record of his Article 15 punishment. See Guerra v. Scruggs, 942 F.2d 270, 278 (7th Cir. 1991) (serviceman discharged after receiving Article 15 punishment for testing positive for cocaine use had no property or liberty interest

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

in his good name as required to maintain a claim under the Fifth Amendment Due Process Clause where he did not dispute that he had used cocaine); Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882 (1977) (holding no due process violation occurred where a nontenured city employee was dismissed due to effect of material placed in his personnel file, where the employee did not dispute the substantive truth of the stigmatizing material in question); Paul v. Davis, 424 U.S. 693 (1976) (holding that no constitutional due process or privacy right was invaded when a government official disclosed to the public information regarding a person's arrest, even where the charges were later dropped, because one's personal reputation alone does not implicate any protected due process interest); Ross v. U.S. Postal Service, 556 F.Supp. 729, 732 n.1 (N.D. Ala. 1983) (suggesting that a former postal employee's Fifth Amendment due process and privacy right claims were "completely without merit or support," where Plaintiff admitted that stigmatizing information in his personnel file concerning his poor attendance record, which formed the basis of his claims, was true). Because Plaintiff's constitutional tort claims are patently untenable, the Court concludes that they are frivolous and due to be dismissed.

### III.

That Plaintiff's constitutional claims are due to be dismissed does not necessarily imply, however, that Plaintiff's amended complaint is due to be dismissed in its entirety. Plaintiff's amended complaint has specifically invoked only constitutional rights, not statutory rights. As a result, Plaintiff fails to cite any statute that would overcome the barrier of sovereign immunity with respect to any claim he might assert against the United States or an agency thereof, so as to confer subject matter jurisdiction over his claims. However,

>it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute. Moreover, the district court has a duty under Rule 8(a) of the Federal Rules of Civil Procedure to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those pleaded.

Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980)[2] (internal citations omitted). See also Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory."); Due v. Tallahassee Theatres, Inc., 333 F.2d 630, 631 (5th Cir. 1964). Further, a pro se complaint is also generally to be construed liberally. See, e.g., Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir. 1982). Thus, even where a plaintiff's complaint against the United States fails to cite the proper statute containing a waiver of sovereign immunity, the court should examine the pleading to evaluate whether the facts alleged state a claim for relief cognizable under a statute in which sovereign immunity has been waived. See, e.g., Harms v. F. H. A., 256 F.Supp. 757, 760 (D. Md. 1966) (giving plaintiff leave to amend his complaint to name the appropriate governmental defendant and to take advantage of available waiver of sovereign immunity and federal court jurisdiction) (cited with approval by Chancery Clerk of Chickasaw County, Miss. v. Wallace, 646 F.2d 151, 160 (5th Cir. Unit A March 1981)); Platsky v. C.I.A., 953 F.2d 26, 28 (2nd Cir. 1991) (holding that it would have

---

[2] All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

been appropriate for the district court to have expressly examined whether the pro se plaintiff's claims for injunctive relief were within the scope of § 702 of the Administrative Procedure Act ("APA") before concluding that they were barred by the doctrine of sovereign immunity, notwithstanding that the plaintiff's complaint failed to expressly invoke the APA).

<div style="text-align: center;">IV.</div>

The Privacy Act of 1974 generally prohibits federal agencies from disclosing personal information about federal employees without their consent, subject to certain enumerated exceptions. See 5 U.S.C. § 552a(b).[3] Such act was passed "to

---

[3] 5 U.S.C. § 552a(b) provides:
  (b) Conditions of disclosure.--No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be--

  (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;
  (2) required under section 552 of this title;
  (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;
  (4) to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of title 13;
  (5) to a recipient who has provided the agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;
  (6) to the National Archives and Records Administration as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Archivist of the United States or the designee of the Archivist to determine whether the record has such value;
  (7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which

protect the privacy of individuals identified in government information systems by regulating the collection, maintenance, use and dissemination of personal information and prohibiting unnecessary and excessive exchange of such information within the government and to outside individuals." Cochran v. United States, 770 F.2d 949, 954 (11th Cir. 1985). The Privacy Act also contains a waiver of the federal government's sovereign immunity. See 5 U.S.C. § 552a(g); Tomasello v. Rubin, 167 F.3d 612, 618 (D.C. Cir. 1999); Florida Medical Ass'n, Inc. v. Department of Health, Ed. & Welfare, 479 F.Supp. 1291, 1299 n.8 (M.D. Fla. 1979). The Air Force, as a "military department," is an agency subject to the mandates of the Privacy Act. See 5 U.S.C. § 552a(a)(1); 5 U.S.C. § 552(f); Doe v. Naval Air Station, Pensacola, Fla., 768 F.2d 1229, 1231 n.1 (11th Cir. 1985); Marcotte v. Secretary of Defense, 618 F.Supp. 756, 763 (D. Kan. 1985).

The law of this circuit includes two binding appellate court decisions dealing with alleged Privacy Act violations stemming from a military department's disclosure of information concerning an Article 15 non-judicial punishment. In

---

maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

(8) to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual;

(9) to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;

(10) to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the General Accounting Office;

(11) pursuant to the order of a court of competent jurisdiction; or

(12) to a consumer reporting agency in accordance with section 3711(e) of title 31.

Ash v. United States, 608 F.2d 178 (5th Cir. 1979), the court held that the publication of a Navy serviceman's name, offense, and Article 15 punishment in the daily bulletin of his command did not violate the Privacy Act because such disclosure fell within the "routine use" exception of 5 U.S.C. § 552a(b)(7). Similarly, in Cochran, supra, the court held that the Privacy Act was not violated where the Army issued a press release in response to media inquiries regarding the results of an Article 15 proceeding, on the basis that such disclosure was appropriate under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. See 5 U.S.C. § 552a(b)(2). However, it is not wholly obvious that the Privacy Act exception applicable in either Ash or Cochran foreclose the possibility that Plaintiff might be able to maintain an action based on the Air Force's alleged disclosure of his Article 15 punishment to the FBI. Cf. 32 C.F.R. § 701.112 (Department of the Navy regulation indicating that information regarding summary courts-martial and non-judicial punishment under Article 15 are protected under the Privacy Act and are not generally releasable in response to FOIA requests, unlike the results of special and general courts-marital). Indeed, in Doe, supra, the Eleventh Circuit held that a district court erred in dismissing sua sponte a pro se plaintiff's complaint for failure to state a claim upon which relief could be granted where the plaintiff alleged that the Navy had violated the Privacy Act by disclosing his home address and phone number, maintained in naval air station vehicle registration records, to an agent of the local county sheriff's department who had requested such information in furtherance of an on-going criminal investigation. 768 F.2d at 1232-33. In ruling that the complaint had been improperly dismissed, the court indicated that the Navy's disclosure could not be said to fall, as a matter of law, within the Privacy

Act exceptions relating to either "routine use" or "law enforcement," see 5 U.S.C. § 552a(b)(7). Id.

Reasonably construed, Plaintiff's complaint seeks damages from the Air Force for the harms he has allegedly suffered as the result of the wrongful disclosure of the record of his Article 15 nonjudicial punishment to third parties, particularly the FBI. Such a claim clearly encompasses the very interests that Congress designed the Privacy Act to protect. See, e.g., Gowan v. United States Dept. of Air Force, 148 F.3d 1182, 1193 (10th Cir. 1998). It may be subsequently shown that the Air Force's alleged disclosure is this action falls within one or more of the exceptions set forth in 5 U.S.C. § 552a(b) or otherwise does not give rise to a claim for damages. However, the Court concludes that based on Doe, supra, dismissal of Plaintiff's complaint at this time, before a defendant makes an appearance, would be premature.

Plaintiff's amended complaint also claims that he is entitled to injunctive relief against the Air Force to force it to have his name removed from the NCIC database, on the theory that the maintenance of such record in that database is unauthorized because his Article 15 punishment is non-judicial and non-criminal in nature. Although perhaps of questionable merit, the Court concludes that this claim is not patently frivolous. Cf. Menard v. Saxbe, 498 F.2d 1017, 1027 (D.C. Cir. 1974) (holding that once the FBI was informed by local police that arrestee's encounter with local police was purely fortuitous, and was not deemed an arrest but only a detention, FBI had no authority to retain arrest record received from local police in its criminal files along with mass of arrest records). However, it is uncertain what role, if any, the Air Force plays in the maintenance of the NCIC

database or removal of information therefrom. Indeed, it would appear that the NCIC database may be maintained solely by the Director of the FBI, on behalf of the United States Attorney General. See 28 U.S.C. § 534; 28 C.F.R. § 0.85(f). But see Menard, 498 F.2d at 1025 & n.24 (indicating that the FBI honors requests of local law enforcement agencies to return local arrest records). Accordingly, the Court concludes that Plaintiff should amend his complaint to add the Director of the FBI in his official capacity as a defendant with respect to Plaintiff's claim for injunctive relief to have his name removed from the NCIC database.

V.

Based on the foregoing, Plaintiff's constitutional claims are hereby DISMISSED as frivolous. However, the Court concludes that the allegations of Plaintiff's amended complaint indicate that he may be able to present at least an arguable claim that the Air Force violated his rights under the Privacy Act, 5 U.S.C. § 552a(b), by disclosing the record of his Article 15 non-judicial punishment, to third parties, particularly the FBI. The Court concludes that Plaintiff may have also stated at least an arguable claim for injunctive relief based on allegations suggesting that the record of his Article 15 non-judicial punishment may not be lawfully maintained on the criminal history NCIC database maintained by the FBI. However, because it appears that such database is maintained by the Director of the FBI, the Court finds that Plaintiff must file a second amended complaint, naming the said Director as an additional defendant. When Plaintiff files such second amended complaint, he should also expressly state that his claim for damages against the Air Force is brought pursuant to the Privacy Act, and he must again set forth completely the allegations giving rise to his claims and the relief he desires from the

Court. Plaintiff must file his second amended complaint on or before February 20, 2001.

IT IS SO ORDERED, this 6th day of February, 2001.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE